UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

ANTHONY WAYNE REED, )
Petitioner, )
v. ) No. 2:18-cv-00175-WTL-DLP
BRIAN SMITH, )
Respondent. )

**Order Granting Petition for Writ of Habeas Corpus, Vacating Sanctions, and Directing Entry of Final Judgment**

The petition of Anthony Wayne Reed for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. JCU 17-10-0034. For the reasons explained in this Entry, Mr. Reed's habeas petition must be **granted**.

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (*per curiam*), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On October 31, 2017, Warden Osburn wrote a Conduct Report charging Mr. Reed with B-213, threatening. Dkt. No. 1-1 at 1; Dkt. No. 10 at 15; Dkt. No. 14-1 at 1. The Conduct Report states:

> On Tuesday, October 31 at approximately 0700 I, Warden Osburn, became aware of a Request for Interview that was written by offender Reed, Anthony 930206 on Thursday, October 19, 2017. In the body of the request form, offender Reed writes, "This place is NOT!! big enough for the both of us. Either he goes or or (sic) I be given a transfer ASAP!!" Offender Reed was referring to Sergeant Powell. I find offender Reed's comments threatening towards Sergeant Powell.

Dkt. No. 1-1 at 1; Dkt. No. 10 at 15; Dkt. No. 14-1 at 1. A two-page Request for Interview with handwritten notes on the margins was attached to the Conduct Report. Dkt. No. 10 at 16-17; Dkt. No. 14-1 at 2-3. These notes are reproduced here:

This place is "NOT!!" big enough for the both of us Either he goes, or I be given a Transfer ASAP!!

... If this – Nothing is done I will involve my People to call Central Office to Seek a STOP to Powell illegal behavior

If Powell is going to be work with Crew #35 I want NOTHING to do With Crew #35!

Dkt. No. 10 at 16-17; Dkt. No. 14-1 at 2-3. Mr. Reed wrote three notes: (1) "This place is 'NOT!!' big enough for the both of us either he goes, or I be given a transfer ASAP!!"; (2) "… If this – Nothing is done I will involve my people to call Central Office to seek a STOP to Powell (Sic) illegal behavior"; and (3) "If Powell is going to be work with Crew #35 I want NOTHING to do with Crew #35!" Dkt. No. 10 at 16-17; Dkt. No. 14-1 at 2-3.

Mr. Reed was notified of the charge on October 31, 2017, when he received the Screening Report. Dkt. No. 1-1 at 2; Dkt. No. 10 at 13; Dkt. No. 14-2 at 1. He pleaded not guilty to the charge, requested a lay advocate, and did not request any witnesses. As physical evidence, he

requested copies of grievance numbers 99005 and 99009, along with the appeals for both, any incident reports regarding Mr. Reed and Sgt. Powell, and any past grievances from Mr. Reed regarding Sgt. Powell. Mr. Reed later refused his lay advocate on November 14, 2017. Dkt. No. 14-2 at 2.

The prison disciplinary hearing was held on November 14, 2017. According to the notes from the hearing, Mr. Reed wrote out a statement (Dkt. No. 14-3 at 2-3) arguing that there were no threats made in the Request for Interview and that not all of his statements from the Request for Interview were included in the write-up. Dkt. No. 1-1 at 3; Dkt. No. 10 at 14; Dkt. No. 14-3 at 1. The hearing officer noted that Mr. Reed requested evidence, but that evidence was not presented at the hearing. Based on the staff reports, the hearing officer found Mr. Reed guilty of B-213, threatening. The sanctions imposed included ninety days of earned credit time deprivation and a credit class demotion from I to II.

Mr. Reed appealed to the Facility Head and the Indiana Department of Correction (IDOC) Final Reviewing Authority, both of which were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C. Analysis**

Mr. Reed's initial habeas petition challenged his prison disciplinary conviction solely on the ground that he was denied evidence in violation of his due process rights. *See* Dkt. No. 1 at 6-7. On April 26, 2018, Mr. Reed amended his habeas petition to challenge his prison disciplinary conviction on two[1] grounds: (1) denial of evidence; and (2) sufficiency of the evidence. The respondent only addresses Mr. Reed's claim of denial of evidence and asserts that Mr. Reed was

[1] Mr. Reed identifies three grounds in his amended habeas petition, but grounds two and three both challenge the sufficiency of the evidence.

not denied due process. Dkt. No. 14 at 4-7. In reply, Mr. Reed reiterates the arguments he raised in his amended habeas petition. *See* Dkt. No. 22.

1. Denial of Evidence

Mr. Reed asserts that although he properly requested evidence during screening, he was denied the ability to present documentary evidence in his defense during the hearing in violation of his due process rights. Dkt. No. 10 at 6-7. Specifically, Mr. Reed asserts that he requested copies of the complete files for Grievance Nos. 99005 and 99009 and for any incident reports regarding Mr. Reed and Sgt. Powell. Mr. Reed argues that the evidence would have shown that there were many complaints of harassment lodged against Sgt. Powell, leading to a "false" disciplinary conduct being issued against him.

An inmate "facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Wolff*, 418 U.S. at 566. Due process requires "prison officials to disclose all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011) (citation and quotation marks omitted). In the prison disciplinary context, "the purpose of [this] rule is to insure that the disciplinary board considers all of the evidence relevant to guilt or innocence and to enable the prisoner to present his or her best defense." *Id.* (citation and quotation marks omitted). Evidence is exculpatory if it undermines or contradicts the finding of guilt, *see id.*, and it is material if disclosing it creates a "reasonable probability" of a different result. *Toliver v. McCaughtry*, 539 F.3d 766, 780-81 (7th Cir. 2008). When prison administrators believe a valid justification exists to withhold evidence, "'due process requires that the district court conduct an in camera review'

to assess whether the undisclosed [evidence] is exculpatory." *Johnson v. Brown,* 381 Fed. Appx. 494, 497 (7th Cir. 2017) (quoting *Piggie*, 344 F.3d at 679).

The respondent argues that the requested evidence was irrelevant to the charge of threatening. Dkt. No. 14 at 4. It is true that "prisoners do not have the right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary," *Pannell v. McBride*, 306 F.3d 499, 503 (7th Cir. 2002), and this analysis has been applied to physical evidence, *Portee v. Knight*, 90 Fed. Appx 178 (7th Cir. 2004). Mr. Reed has failed to show that the evidence he requested and planned to present would have been exculpatory or material. *See Jones*, 637 F.3d at 847; *Piggie*, 344 F.3d at 678. The charge of threatening related to whether the statement written on the Request for Interview was threatening. It is irrelevant that Mr. Reed had filed previously grievances against Sgt. Powell or that there were prior incident reports regarding Mr. Reed and Mr. Powell. Thus, Mr. Reed's claim regarding the denial of evidence must be rejected.

2. Sufficiency of the Evidence

Mr. Reed challenges the sufficiency of the evidence, arguing that the statement does not fit the definition of threatening. Dkt. No. 10 at 8-10. He also asserts that the second part of his statement clarifies that there is no threat. *Id.* The respondent was given an opportunity to respond to Mr. Reed's allegations, but failed to do so.

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler,* 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence"

standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

Adult Disciplinary Code Section B-213, entitled "Threatening," is defined as:

> Engaging in any of the following:
>
> 1. Communicating to another person a plan to physically harm, harass or intimidate that person or someone else.
> 2. Communicating a plan to cause damage to or loss of that person's or another person's property.
> 3. Communicating a plan to intentionally make an accusation that he/she knows is untrue or false.

Indiana Department of Correction Adult Disciplinary Process, Appendix I: Offenses, available at http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf.

Mr. Reed wrote three notes: (1) "This place is 'NOT!!' big enough for the both of us either he goes, or I be given a transfer ASAP!!"; (2) "… If this – Nothing is done I will involve my people to call Central Office to seek a STOP to Powell (sic) illegal behavior"; and (3) "If Powell is going to be work with Crew #35 I want NOTHING to do with Crew #35!" Dkt. No. 10 at 16-17; Dkt. No. 14-1 at 2-3. Warden Osburn construed his first statement to be "threatening." However, Mr. Reed's statement ("either he goes, or I be given a transfer") does not communicate "a plan to physically harm, harass or intimidate" Sgt. Powell, a plan to cause damage or loss to property, or "a plan to intentionally make an accusation that [he] knows is untrue or false." Rather, Mr. Reed's statement clearly communicates a request that either Sgt. Powell be transferred or that Mr. Reed be transferred. Mr. Reed's other two statements also do not fall within the definition of "threatening," instead demonstrating Mr. Reed's request that there be some separation between Sgt. Powell and him.

Because there are no facts or evidence of record (in either the Conduct Report or the disciplinary hearing report) that Mr. Reed's statement was "threatening," the "some evidence" standard required in disciplinary cases is not met here.

**D. Conclusion**

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. Because there was insufficient evidence of Mr. Reed's guilt, the disciplinary finding of guilt was arbitrary and that finding and the sanctions imposed in case No. JCU 17-10-0034 must be **VACATED AND RESCINDED.** Accordingly, Mr. Reed's petition for a writ of habeas corpus is **GRANTED**.

**IT IS SO ORDERED.**

Date: 7/30/18

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

ANTHONY WAYNE REED
930206
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

Kyle Hunter
INDIANA ATTORNEY GENERAL
kyle.hunter@atg.in.gov